UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| TERRENCE L. DAVIS, | Case No. 1:18-cv-01667-DAD-EPG (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATIONS TO PROCEED IN FORMA PAUPERIS BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE $400.00 FILING FEE IN FULL |
| v. | |
| KINGS COUNTY BOARD OF SUPERVISORS, et al., | |
| Defendants. | (ECF NOS. 5 & 8) |
| | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS |

## I. BACKGROUND

Terrence L. Davis ("Plaintiff") is a state prisoner[1] proceeding *pro se* with this civil rights action. On December 26, 2018, Plaintiff filed an application to proceed in forma pauperis. (ECF No. 5). On February 25, 2019, Plaintiff filed a second application to proceed in forma pauperis.

As the Court finds that Plaintiff had at least "three strikes" prior to filing this action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action, the Court will recommend that Plaintiff's applications to proceed in forma pauperis be denied and that Plaintiff be required to pay the $400 filing fee in full if he wants to proceed with this action.

---

[1] Plaintiff has alleged that he was a pretrial detainee at the time of the incidents alleged in the complaint.

1

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action… under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). See also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986–87 (9th Cir. 1999) (alteration in original) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'").

## III. PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

   a. Strikes

Plaintiff initiated this action on December 7, 2018. (ECF No. 1). The Court finds that, prior to this date, Plaintiff had at least four cases dismissed that count as "strikes."[2]

The Court takes judicial notice of: 1) Davis v. High Desert State Prison, E.D. CA, Case No. 2:14-cv-00404, ECF No. 16; 2) Davis v. Chapparro, E.D. CA, Case No. 1:06-cv-00118, ECF Nos. 16 & 17; 3) Davis v. Solano State Prison, E.D. CA, Case No. 2:01-cv-00082, ECF Nos. 7, 18, & 22; and 4) Davis v. Solano State Prison ("SSP II"), E.D. CA, Case No. 2:04-cv-00320, ECF Nos. 5, 7, & 8.

High Desert State Prison and Chapparro were dismissed with prejudice for failure to

---

[2] This Court is not the only court to find that Plaintiff has at least three "strikes." In Davis v. California Correctional Institution Trust Office Officials, Magistrate Judge Stanley A. Boone found that Plaintiff had incurred three or more "strikes" prior to the October 10, 2018 filing date of the action, and recommended that Plaintiff's application to proceed in forma pauperis be denied. California Correctional Institution Trust Office Officials, E.D. CA, Case No 1:18-cv-01393, ECF No. 15.

state a claim under § 1983. High Desert State Prison, ECF No. 16; Chapparro, ECF No. 17. The Court finds that these dismissals count as "strikes." Section 1915(g).

The remaining cases bear additional analysis, as follows.

SSP II was dismissed because Plaintiff failed to file an amended complaint after a screening order dismissed the operative complaint for failure to state a claim, with leave to amend. SSP II, ECF Nos. 5, 7, & 8. Thus, Court finds that this dismissal counts as a "strike." Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]e hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

However, part of the reason that the original complaint was dismissed in SSP II was the Heck bar. Under Ninth Circuit case law, when Heck-barred damages claims are intertwined with a habeas challenge to an underlying sentence, a "strike" should not be imposed. Washington v. Los Angeles Cty. Sheriff's Dep't, 833 F.3d 1048, 1057 (9th Cir. 2016). In Washington, the plaintiff mistakenly sought relief in a § 1983 "from the fact or duration of his confinement, specifically a 'recall of his sentence,' and related monetary damages. This prompted the district court to advise him that habeas proceedings were 'the proper mechanism' for challenges to his sentence." Id. Because Plaintiff in that case had mistakenly used an improper mechanism, the Ninth Circuit held that a strike was not appropriate.

Here, in contrast, Plaintiff did not merely mistakenly file a section 1983 case. Plaintiff was previously informed of the Heck bar in an earlier case that was dismissed (Solano State Prison, ECF No. 7, pgs. 8-9), and yet still impermissibly filed similar Heck-barred claims (in both SSP II and Solano State Prison Plaintiff alleges that there were false charges brought against him, and that at the hearing on the charges Plaintiff was denied access to witnesses). Additionally, in addition to the Heck-barred claims, in what the court called his "rambling and often hard to follow" complaint (id. at p. 3), Plaintiff also brought unrelated claims against different defendants for the improper processing of his appeal and for refusing to place Plaintiff in the Enhanced Outpatient Program (id. at 3-5). These claims were dismissed for failure to

state a claim, separate and apart from any Heck issue. (Id.). Therefore, the Court recommends finding that SSP II counts as a "strike."

Finally, the Court turns to Solano State Prison. In Solano State Prison, the operative complaint was dismissed on August 3, 2001, for failure to state a claim.[3] Solano State Prison, ECF No. 7. In lieu of filing an amended complaint, Plaintiff requested that the case be stayed so that he could exhaust. Id. at 17. It was this notification that led the Court to dismissing the case for failure to exhaust. Id. at 18 & 22. The case was thus ultimately dismissed for a failure to exhaust.

Under Ninth Circuit case law, it is not clear that this case counts as a "strike." A dismissal for failure to exhaust based on the face of the complaint is a dismissal for failure to state a claim. El-Shaddai v. Zamora, 833 F.3d 1036, 1044 (9th Cir. 2016) (quoting Jones v. Bock, 549 U.S. 199, 215 (2007)) (alteration in original) ("Notwithstanding the fact that failure to exhaust is an affirmative defense, a 'complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face.'"). See also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) ("[I]n those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim.").

In Solano State Prison, the failure to exhaust was not clear on the face of the complaint. However, Plaintiff himself admitted that he failed to exhaust after receiving the screening order. While it is not precisely the same posture as the Zamora case, this Court finds that Plaintiff's admission that his complaint was prematurely filed, and request to stay the case for exhaustion rather than file an amended complaint, makes it materially similar to Zamora for purposes of evaluating whether it counts as a strike under relevant law. The Court recommends finding that Solano State Prison also counts as a strike, and thus that Plaintiff had at least four "strikes" prior to filling this lawsuit.

---

[3] Several claims were dismissed under the Heck bar, and one of the claims may have been dismissed as duplicative. (Solano State Prison, ECF No. 7, p. 4).

4

While the Court recommends finding that Plaintiff has at least three "strikes" regardless of whether High Desert State Prison counts as a "strike," there is a separate issue regarding whether High Desert State Prison counts as a "strike," which the Court addresses below.

      b.   Williams v. King

In light of Williams v. King, 875 F.3d 500 (9th Cir. 2017), a new issue has arisen in determining whether certain cases count as "strikes." In Williams, the Court of Appeals for the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." Id. at 501.

In High Desert State Prison, a magistrate judge issued the final order dismissing the case based only on the consent of Plaintiff. Under Williams, consent only by the plaintiff is insufficient to confer jurisdiction on the magistrate judge. After careful consideration of this issue, the Court recommends that High Desert State Prison count as a "strike" notwithstanding Williams. Hoffman v. Pulido, E.D. CA, Case No. 1:18-cv-00209, ECF No. 10 (finding that magistrate judge dismissals issued without the consent of all named defendants still count as "strikes" after Williams).

First of all, examining the jurisdiction of the dismissing court in prior cases goes beyond the scope of review under § 1915(g). When determining whether a prior case counts as a "strike," "[t]he underlying principle is that we must decide whether the case was disposed of because the complaint was frivolous, malicious, or failed to state a claim, regardless of how the district court labels its decision." El-Shaddai, 833 F.3d at 1044. See also Harris, 863 F.3d at 1142 (quoting El-Shaddai, 833 F.3d at 1042) (internal quotation marks omitted) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'"). Neither the Ninth Circuit nor the Supreme Court has instructed lower courts to examine the basis for jurisdiction before deciding whether a case counts as a "strike." Hoffman, ECF No. 10, p. 3 ("That is, there does

not appear to be a case that directs lower courts to also determine whether the 'dismissing court' had jurisdiction to dismiss and create a strike.").

Moreover, there are good reasons not to conduct such an inquiry. One is that parties are generally not allowed to re-litigate issues they already had an opportunity to litigate. Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (alterations in original) (internal citations and quotation marks omitted) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as res judicata…. By preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions."). High Desert State Prison was dismissed because Plaintiff failed to prosecute the case and failed to state a claim upon which relief may be granted. High Desert State Prison, ECF No. 16. Despite having the opportunity to do so, Plaintiff did not challenge the magistrate judge's jurisdiction, at the trial court or on appeal.

This is not to say that a plaintiff who believes a prior judgment is void is without remedies. In fact, the Federal Rules of Civil Procedure expressly contemplate granting parties relief from a final judgment when the final judgment is void. Fed. R. Civ. P. 60(b)(4). However, this rule requires the party that wants to set aside the judgment to take action to set aside the judgment. Fed. R. Civ. P. 60(b); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002). Plaintiff has not taken any action to set aside the judgment in High Desert State Prison, and collaterally challenging the judgment in this case would be inappropriate. Nemaizer v. Baker, 793 F.2d 58, 65 (2d Cir. 1986) (citing Chicot Cty. Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378 (1940)) ("[I]f the parties *could* have challenged the court's power to hear a case, then *res judicata* principles serve to bar them from later challenging it collaterally.").

Moreover, even if Plaintiff were allowed to challenge the judgment in High Desert State Prison via a collateral attack in this action, it does not appear that the judgment in High Desert State Prison would be found to be void. "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of

the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999).[4] "Defective jurisdictional allegations are not fatal, however. A judgment is only void where there is a 'total want of jurisdiction' as opposed to an 'error in the exercise of jurisdiction.'" NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 612 (9th Cir. 2016) (quoting Watts v. Pinckney, 752 F.2d 406, 409 (9th Cir. 1985)). See also United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010) (quoting Nemaizer, 793 F.2d at 65) ("Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction.").

The magistrate judge in High Desert State Prison had an arguable basis for exercising jurisdiction, and at most made an error in exercising jurisdiction. The Ninth Circuit had not weighed in on the issue, and its decision in Williams had not yet issued. Moreover, in 1995, the Court of Appeals for the Fifth Circuit held that lack of consent from unserved defendants did not deprive the magistrate judge of jurisdiction where the plaintiff consented, because the unserved defendants were not parties under 28 U.S.C.A. § 636(c). Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995). Accordingly, there was precedent from a federal court of appeals supporting the magistrate judge's exercise of jurisdiction, and no conflicting precedent from the Ninth Circuit or the United States Supreme Court.

Moreover, "[a]n error in interpreting a statutory grant of jurisdiction is not… equivalent to acting with total want of jurisdiction and does not render the judgment a complete nullity." Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984). In Williams, the Ninth Circuit held that the magistrate judge made an error in interpreting § 636(c)(1) as providing magistrate judges with jurisdiction where a plaintiff consents and the defendants are unserved, because the unserved defendants are still parties. 875 F.3d at 504. As the magistrate judge in High Desert State

---

[4] The Rule 60(b)(4) standard is essentially the same standard that is used when a party attempts to collaterally attack a judgment. See, e.g., Baella-Silva v. Hulsey, 454 F.3d 5, 10 (1st Cir. 2006); Nemaizer, 793 F.2d at 65; Hoffman, ECF No. 10, p. 7.

Prison made the same error in interpreting a statutory grant of jurisdiction, and as the interpretation was not unreasonable (it was the same interpretation adopted by the Fifth Circuit), the judgment in High Desert State Prison is not void.

Finally, the judge in High Desert State Prison was acting pursuant to a Local Rule that provided that prisoner civil rights cases are treated as consent cases so long as all parties who have *appeared* consented. See Local Rules Effective April 1, 2017, Appendix A(k)(4) (removed February 1, 2019); E.D. Cal. General Order 467. This rule in essence tracked the holding in Neals, and took effect on June 2, 2008 (E.D. Cal. General Order 467). As the order dismissing High Desert State Prison was entered on November 7, 2014 (High Desert State Prison, ECF No. 16), the rule had been in effect over six years by the time the magistrate judge dismissed Plaintiff's case. By this time hundreds (if not thousands) of cases were decided by magistrate judges in the Eastern District of California based on just a plaintiff's consent (see Eastern District of California 2018 Annual Report, p. 37).

Accordingly, the Court finds that, even after Williams, cases where a magistrate judge issued an order dismissing a case without the consent of all named defendants can still count as a "strike," so long as the order has not been declared void in an appeal or other appropriate challenge.

c. Imminent Danger

As Plaintiff has at least three prior cases that count as "strikes," Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, No. 116CV01421LJOGSAPC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th

Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). See also Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)…."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat… is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." Stine v. Fed. Bureau of Prisons, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298–99 (2d Cir. 2009)).

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. Andrews, 493 F.3d at 1055 (9th Cir. 2007).

Plaintiff complains of various unrelated issues at Kings County Jail, including an inadequate law library, inadequate assistance to help inmates access the law library, unconstitutional mailroom policies, and discrimination in job placement and vocational training. There are no allegations from which the Court could draw an inference that Plaintiff was in imminent danger at the time he filed the complaint. Moreover, it appears that Plaintiff was no longer housed at Kings County Jail when he filed his complaint (ECF No. 1, p. 1), and was thus no longer subjected to the violations alleged in the complaint.

As Plaintiff is a "three-striker" and was not is in imminent danger when he filed this action, the Court will recommend denying Plaintiff's applications to proceed in forma pauperis.

///

///

## IV. CONCLUSION AND RECOMMENDATIONS

The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's applications to proceed in forma pauperis (ECF No. 5 & 8) be DENIED; and
2. Plaintiff be directed to pay the $400.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 9, 2019**           /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE