1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TERRENCE L. DAVIS,                        No.  1:18-cv-01667-DAD-EPG

12                  Plaintiff,

13         v.                                   ORDER DECLINING TO ADOPT FINDINGS
                                                AND RECOMMENDATIONS AND
14    KINGS COUNTY BOARD OF                     GRANTING PLAINTIFF'S APPLICATIONS
      SUPERVISORS, et al.,                      TO PROCEED *IN FORMA PAUPERIS*
15
                    Defendants.                 (Doc. Nos. 5, 8, 11)
16

17

18         Plaintiff Terrence L. Davis is a state prisoner proceeding *pro se* in this civil rights action

19    pursuant to 42 U.S.C. § 1983.  Plaintiff commenced this action by filing a complaint on

20    December 7, 2018 (Doc. No. 1) and an application to proceed *in forma pauperis* on December 26,

21    2018 (Doc. No. 5).  On February 25, 2019, plaintiff filed a second application to proceed *in forma*

22    *pauperis*.  (Doc. No. 8.)  The matter was referred to a United States Magistrate Judge pursuant to

23    28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

24         On May 10, 2019, the assigned magistrate judge issued findings and recommendations,

25    recommending that plaintiff's applications to proceed *in forma pauperis* be denied and that he be

26    required to pay the $400.00 filing fee in full to proceed with this action because:  (1) he is subject

27    to the three strikes bar under 28 U.S.C. § 1915(g); and (2) the allegations of plaintiff's complaint

28    do not satisfy the "imminent danger of serious physical injury" exception to § 1915(g).  (Doc. No.

                                                  1

11 at 1.)  Those findings and recommendations were served on plaintiff and contained notice that

any objections thereto were to be filed within twenty-one (21) days after service.  (*Id.* at 10.)  On

June 3, 2019, plaintiff requested a 40-day extension of time to file objections to the findings and

recommendations (Doc. No. 12), which the court granted on June 6, 2019 (Doc. No. 13).  On

August 12, 2019, plaintiff again requested an extension of time to file his objections (Doc. No.

14), and the court granted a 30-day extension of time to do so on August 15, 2019.  (Doc. No.

15.)  Nonetheless, plaintiff did not timely file objections to the findings and recommendations,

and instead filed a third request for an extension of time to do so on November 20, 2019.  (Doc.

No. 16.)  On November 21, 2019, the court denied plaintiff's third request for an extension of

time to file his objections to the pending findings and recommendations.  (Doc. No. 17.)

Thereafter, plaintiff did not file any objections to the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has

conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the

undersigned declines to adopt the findings and recommendations.  Specifically, the undersigned

concludes that two of the four dismissal orders relied upon in the findings and recommendations

as strikes under 28 U.S.C. § 1915(g) do not qualify as strike dismissals under the statute.  Each of

the dismissal orders relied upon in the findings and recommendations is addressed in turn below.

First, the findings and recommendations rely upon the dismissal order in *Davis v. High

Desert State Prison*, 2:14-cv-00404-EFB (E.D. Cal. Nov. 7, 2014) as a prior strike.  A review of

the docket in that case establishes that the action was dismissed "for failure to prosecute and

failure to state a claim upon which relief may be granted."  (*High Desert State Prison*, Doc. No.

16 at 2.)  That dismissal order was signed by a magistrate judge, and plaintiff had consented to

magistrate judge jurisdiction in that action.  (*High Desert State Prison*, Doc. No. 8.)  The United

States Court of Appeals for the Ninth Circuit recently clarified that although "a magistrate judge

lacks the authority to dismiss a case unless all parties have consented to proceed before the

magistrate judge," a prisoner plaintiff "cannot escape the consequences of [a] prior judgment []

through an untimely collateral attack."  *Hoffman v. Pulido*, 928 F.3d 1147, 1149–1150 (9th Cir.

2019) (citing *Williams v. King*, 875 F.3d 500, 504-05 (9th Cir. 2017)); *see also Jones v. Alameda*

2

1  *Dist. Attorney's Office*, No. 19-cv-04428-RS (PR), 2019 WL 4845694, at \*1, n.2 (N.D. Cal. Oct.

2  1, 2019) (citing *Hoffman*, 928 F.3d at 1150) (counting dismissal orders signed by magistrate

3  judges as strikes under § 1915(g)). Accordingly, the dismissal of *Davis v. High Desert State*

4  *Prison* qualifies as a strike against plaintiff under 28 U.S.C. § 1915(g).

5        Second, the findings and recommendations rely upon the dismissal in *Davis v. Chapparo*,

6  1:06-cv-00118-LJO-SMS (E.D. Cal. June 1, 2007) as a prior strike. A review of the docket in

7  that case establishes that the action was dismissed by the assigned district judge "for failure to

8  obey the court's order . . . and for failure to state a claim upon which relief can be granted."

9  (*Chapparo*, Doc. No. 17 at 2.) Accordingly, the dismissal of that case counts as a strike against

10  plaintiff under 28 U.S.C. § 1915(g).

11        Third, the findings and recommendations rely upon the dismissal in *Davis v. Solano State*

12  *Prison*, 2:01-cv-00082-LKK-GGH (E.D. Cal. Feb. 7, 2007) as a prior strike. A review of the

13  docket in that case establishes that on August 3, 2001, plaintiff's operative complaint was

14  dismissed for failure to state a claim, and that some of plaintiff's claims were also dismissed as

15  duplicative or *Heck*-barred. (*Solano State Prison*, Doc. No. 7.) Plaintiff was given leave to

16  amend the complaint in that action but instead of filing an amended complaint, plaintiff requested

17  a stay so that he could exhaust his administrative remedies. (*Solano State Prison*, Doc. No. 17.)

18  Plaintiff's request led the magistrate judge to issue findings and recommendations,

19  recommending that that action be dismissed without prejudice due to plaintiff's failure to exhaust

20  administrative remedies—a failure that was not clear from the face of the complaint. (*Solano*

21  *State Prison*, Doc. No. 18.) The district court "adopted in full" the magistrate judge's

22  recommendation that plaintiff's complaint be dismissed without prejudice due to his "failure to

23  exhaust administrative remedies." (*Solano State Prison*, Doc. No. 22.)

24        The findings and recommendations now pending before this court recommend that the

25  dismissal in *Solano State Prison* be counted as a strike even though plaintiff's failure to exhaust

26  his administrative remedies prior to filing suit was not clear from the face of the complaint,

27  because plaintiff conceded that he failed to exhaust and had filed his civil complaint prematurely.

28  (Doc. No. 11 at 4.) The undersigned is not persuaded that such an admission is materially similar

3

to a complaint that on its face reflects a failure to exhaust administrative remedies prior to filing suit. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016) (holding that a dismissal for failure to exhaust administrative remedies counts as a strike dismissal under § 1915(g) if the failure to exhaust is clear from the face of the complaint); *see also Kelly v. Elit*, No. 1:18-cv-00019-DAD-SAB, 2018 WL 1905667, at *2 (E.D. Cal. Apr. 23, 2018) ("[I]f a case is dismissed because the failure to exhaust was clear on the face of the complaint, and no outside evidence was considered in reaching that determination, the dismissal would count as a strike."). In *Solano State Prison* plaintiff's later concession of his failure to exhaust was not reflected on the face of his complaint. Accordingly, the dismissal in *Solano State Prison* cannot be counted as a strike against plaintiff under 28 U.S.C. § 1915(g).

Fourth and finally, the findings and recommendations rely upon the dismissal in *Davis v. Solano State Prison* ("*SSP II*"), 2:04-cv-00320-DFL-KJM (E.D. Cal. Feb. 7, 2007) as a prior strike. A review of the docket in that case establishes that on November 9, 2004, the assigned magistrate judge issued a screening order dismissing plaintiff's complaint because he had failed to state cognizable claims and because some of his claims were *Heck*-barred. (*SSP II*, Doc. No. 5.) Plaintiff was given leave to amend a single, potentially viable claim. (*SSP II*, Doc. No. 5 at 5.) However, plaintiff did not file an amended complaint, and on January 5, 2005, the magistrate judge issued findings and recommendations, noting plaintiff's failure to file an amended complaint or otherwise respond to the court's order and recommending that the action be dismissed without prejudice. (*SSP II*, Doc. No. 7.) The district court "adopted in full" the magistrate judge's findings and recommendations and dismissed the action without prejudice. (*SSP II*, Doc. No. 8.)

Although the findings and recommendations pending before the undersigned in the present case state that *SSP II* was "dismissed because plaintiff failed to file an amended complaint after a screening order dismissed the operative complaint for failure to state a claim, with leave to amend" (Doc. No. 11 at 3), the undersigned notes that in *SSP II*, the dismissal order adopting the findings and recommendations did not state the grounds upon which it was dismissing the case without prejudice (*see SSP II*, Doc. No. 8). Moreover, the findings and recommendations in *SSP*

4

*II* pointed only to plaintiff's failure to file an amended complaint as directed as the basis for

dismissal.  (*SSP II*, Doc. No. 7 at 1.)  The undersigned acknowledges that the magistrate judge's

screening order in *SSP II* did include statements that "any claimed error in the review of

plaintiff's administrative appeals does not state a cognizable claim," and that the "portion of

plaintiff's complaint [regarding outpatient program placement] similarly fails to state a claim."

(*SSP II*, Doc. No. 5 at 4.)  However, the undersigned is not persuaded that such a conclusion

reached by a magistrate judge in a screening order that grants leave to amend can form the basis

of a § 1915(g) strike dismissal under circumstances where that plaintiff subsequently fails to file

an amended complaint, the magistrate judge recommends dismissing the action solely for failure

to file an amended complaint, and the district court "adopts in full" that recommendation and

dismisses the case without any reference to whether the original complaint failed to state a claim.

The findings and recommendations pending before the undersigned in the present case

rely on the decision in *Harris v. Mangum*, 863 F.3d 1133 (9th Cir. 2017).  However, applying the

holding in *Harris*, the dismissal in *SSP II* does not count as a strike under § 1915(g) because the

*district court* did not dismiss *SSP II* for failure to state a claim.  *See Harris*, 863 F.3d at 1143

("Accordingly, we hold that when (1) *a district court* dismisses a complaint on the ground that it

fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an

amended complaint, the dismissal counts as a strike under § 1915(g).") (emphasis added).

Indeed, in each of the four cases that were counted as strikes against the plaintiff-appellant in

*Harris*, the screening order dismissing for failure to state a claim with leave to amend was issued

/////

/////

/////

/////

/////

/////

/////

/////

by a district judge, not a magistrate judge.[1]  The magistrate judge's screening order in *SSP II* was

not an order of dismissal, nor could it have been.  *See Williams v. King*, 875 F.3d 500, 502–05

(9th Cir. 2017) (because unserved, not yet appearing named defendants had not consented to

magistrate judge jurisdiction, the assigned magistrate judge lacked jurisdiction to dismiss the

prisoner plaintiff's complaint for failure to state a claim upon screening); *see also Branch v.*

*Umphenour*, 936 F.3d 994, 1005 (9th Cir. 2019) ("Without consent, a magistrate judge is limited

to submitting a report and recommendation on dispositive pretrial motions, including motions to

dismiss for failure to state a claim . . ..  The magistrate judges who screened Branch's various

complaints lacked jurisdiction to dismiss his claims.")[2]  In short, in *SSP II* the court simply never

dismissed plaintiff's complaint on the ground that he failed to state a claim.  Rather, according to

the district judge's order of dismissal, that case was dismissed solely due to plaintiff's failure to

file an amended complaint, i.e. for failure to abide by the court's order or to prosecute.

Accordingly, the dismissal in *SSP II* does not count as a strike against plaintiff under 28 U.S.C.

§ 1915(g).

/////

---

[1]  The practice of designating dismissals as "strikes" under § 1915(g) in orders of dismissal has
been criticized because it is the subsequent courts who must determine whether a plaintiff is
barred from maintaining an action *in forma pauperis* by the three strikes rule.  In this regard, the
Second Circuit has stated:  "[D]istrict courts should not issue these strikes one by one, in their
orders of judgment, as they dispose of suits that may ultimately—upon determination at the
appropriate time—qualify as strikes under the terms of § 1915(g)." *DeLeon v. Doe*, 361 F.3d 93,
95 (2d Cir. 2004); *see also Andrews v. King*, 398 F.3d 1113, 1119 n.8 (9th Cir. 2005) ("[T]he
district court is not required to determine whether the prisoner's case is frivolous, malicious or
fails to state a claim and therefore will count as a future strike under § 1915(g)."); *Shabbazz v.*
*Fischer*, No. 9:11-CV-0916 (TJM/ATB), 2012 WL 3241653, at *1 (N.D.N.Y Aug. 7, 2012) ("In
other words, a strike may not be assessed at the same time that the action or appeal is dismissed.
Instead, it is up to a later judge to determine, when the time is right, whether three previously
dismissed actions or appeals might constitute strikes."); *Pough v. Grannis*, 08CV1498–JM
(RBB), 2010 WL 3702421, at *13 (S.D. Cal. July 16, 2010) (denying defendants' request that the
court designate a dismissal as a strike under § 1915(g) at the time of dismissal).  Nonetheless,
unlike the present case, the district judge's screening orders in *Harris* also specifically warned
plaintiff that failure to file an amended complaint would result in a strike dismissal.

[2]  The Ninth Circuit also observed:  "This juxtaposition—"the court" on the one hand, "a
magistrate judge" on the other—suggests two different entities.  In context, then, "the court" is
most naturally understood as referring to a district judge." *Branch*, 936 F.3d at 1002.

For the reasons set forth above:

1.     The undersigned declines to adopt the May 10, 2019 findings and recommendations (Doc. No. 11);

2.     Plaintiff's applications to proceed *in forma pauperis* (Doc. Nos. 5, 8) are granted; and

3.     The matter is referred back to the assigned magistrate for proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **December 17, 2019**                  

UNITED STATES DISTRICT JUDGE