UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE L. DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>KINGS COUNTY BOARD OF SUPERVISORS, et al.,<br><br>    Defendants. | Case No. 1:18-cv-01667-DAD-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM**<br><br>(ECF No. 24)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS** |

Terrence L. Davis ("Plaintiff") is a state prisoner[1] proceeding *pro se* and *in forma pauperis* with this civil rights action. Plaintiff filed his initial complaint on December 7, 2018. (ECF No. 1). The Court screened that complaint on January 10, 2020, finding that the complaint failed to state any cognizable claim and giving leave to amend. (ECF No. 21). Plaintiff filed a first amended complaint on February 14, 2020, which is now before this Court for screening. (ECF No. 21).

The Court finds that the complaint fails to state any cognizable claim. Therefore, the Court recommends dismissing this action for failure to state a cognizable claim. Plaintiff has twenty-one days to file objections to these findings and recommendations.

\\\

---

[1] Plaintiff has alleged that he was a pretrial detainee at the time of the incidents alleged in the complaint.

1

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

Plaintiff's first amended complaint generally alleges that the law library at Kings County Jail was deficient and deprived him of his rights.

Plaintiff claims that Kings County Jail law library was not viable or accessible to him. It only furnished a computer with no written manual in sight regarding how to use the computer, and no legal assistance. The Kings County Sherriff is required to keep jail prisoners and detainees safe and is answerable to those individuals for their safe keeping.

On or about November 5, 2014, Plaintiff, who was a detainee at the time, unknowingly filed this matter with the California Victims Compensation and Government Claims Board. Plaintiff then correctly filed the matter with the Board of Supervisors of Kings County Government Center. Plaintiff recites when it was amended.

Plaintiff went to the facility's established law library. Plaintiff observed that it was only a 5x10 cell type area. When he entered the room, he saw only a single black box affixed to the wall and a black book which turned out to be a vehicle code book. Plaintiff tried to figure out how to operate the computer. Plaintiff has a learning disability, which he has had since childhood. Plaintiff was given an allotted time of two and a half hours. However, he could not gain any access to any legal information at the time. When Plaintiff spoke to various deputy personnel and officers, he was told they do not have anyone to give him any assistance and he was pretty much on his own. Others told him that, due to jail policy, they could not provide him with any legal assistance. Plaintiff had to blunder on aimlessly. He sat in the room for two and a half hours, trying to access a computer without any training.

This situation played out in the months that followed. Kings County Jail personnel continued to refuse to provide any legal or computer assistance. Plaintiff filed a grievance, but nothing was done.

Plaintiff alleges that he "had filed various 'Legal/Confidential/Privileged, and Regular Mail… But however, due to Kings County Jail-Mail Rm. Waxed (Non-existent) policy's [sic], practices, sloppy negligence, gross negligence, negligence per se,' deliberate indifferences, dereliction of duty;' Acts and Violation inconjunction [sic] with 'the Board of Supervisors,' and Kings County Sheriff's egregious and punitive Mail Rm. Co. Jail policy's [sic], practices, procedures, mandates … confidential correspondence were not received by there [sic] respective agencies…." (ECF No. 24, at p. 12) (first alteration in original).

As a case in point, in the case of <u>Terrence W. Davis v. High Desert State Prison, et al.</u>, Case No. 2:14-cv-00404-EFB, was wrongfully dismissed on November 7, 2014, due to Kings County's grossly negligent mail room policies.

Due to these ongoing acts, Plaintiff became very apprehensive about his mail. Agencies and people were claiming that they failed to receive his mail. Plaintiff made inquiries into the policies and learned that there were no incoming/outgoing legal policies and procedures established to avoid the issues with lost, destroyed, or misplaced legal mail.

Plaintiff contends that he was not receiving all of his mail from about December 16, 2014, until January 9, 2015.

Plaintiff alleges that various defendants, including the Kings County Jail and Kings County Board of Supervisors, violated his rights, including his rights under the Americans with Disabilities Act and the Rehabilitation Act. He alleges that he is an individual with a disability and was denied a program or activity due to his disabilities.

Plaintiff claims that he suffered great distress because he was unable to adequately litigate his civil and criminal cases.

### III. ANALYSIS OF POTENTIAL CLAIMS

#### A. Section 1983

The Civil Rights Act provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir.

2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally

participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

"Local governing bodies … can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where … the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690 (footnote omitted). "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are action[s] for which the municipality is actually responsible." Connick v. Thompson, 563 U.S. 51, 60–61 (2011) (internal citations and quotations omitted) (alteration in original).

**B. Requirement to Allege Personal Participation**

As discussed above, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell*, 436 U.S. at 691, 695.

However, as to the individual defendants, Plaintiff has not provided any allegations regarding how their actions or inactions caused the alleged constitutional deprivations described in the complaint. In order to allow a claim to go forward against an individual,

Plaintiff must allege what his or her involvement was in the constitutional violation.

Plaintiff does list a number of individuals as defendants in the introduction to the complaint, but Plaintiff again failed to tie any specific defendant to any action in the complaint.[2]

**C. Claims Regarding Access to Courts**

**a. Legal Standards**

As the alleged actions apparently took place while Plaintiff was a pretrial detainee, his conditions of confinement claim is brought under the Fourteenth as opposed to the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (pretrial detainees may raise conditions of confinement claims under the Due Process Clause of the Fourteenth Amendment rather than the protections against cruel and unusual punishment afforded by the Eighth Amendment as to post-conviction inmates).

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011), *overruled on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative *assistance* and those involving prisoners' rights to litigate without active *interference*.").

However, Plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to

---

[2] Plaintiff does allege that there were unconstitutional law library policies that interfered with his access to the courts, and that the Sheriff was responsible for these policies. However, as described in these findings and recommendations, Plaintiff has failed to state an access to the courts claim.

7

meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge").

In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. *Harbury*, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415.

### b. Application to Plaintiff's Allegations

Plaintiff has sufficiently alleged that his ability to access the library was so limited that it was unreasonable.

However, Plaintiff has not sufficiently pled an actual injury. Plaintiff states that the case of *Terence W. Davis v. High Desert State Prison, et al.*, E.D. CA, Case No. 2:14-cv-00404-EFB (E.D. Cal) "was wrongfully dismissed." However, Plaintiff has not explained how the lack of a law library or the policies and procedures regarding the processing of mail prejudiced this case. The Court takes judicial notice[3] of the entries in the case and observes that the Court found that Plaintiff's complaint failed to state a claim. Plaintiff was given leave to amend, but Plaintiff failed to amend his complaint. The Court then dismissed Plaintiff's case "for failure to prosecute and for failure to state a claim upon which relief may be granted." *Davis v. High Desert State Prison*, Case No. 2:14-cv-00404, ECF No. 16 at p. 2. Neither Plaintiff's allegations nor the entries in this case sufficiently show that Plaintiff was harmed by the lack of a reasonable law library or the policies and procedures regarding the processing of mail.

### D. Claim Regarding Processing of Mail

It is not clear that Plaintiff is attempting to assert a separate claim based on the Jail's policies and procedures regarding the processing of his mail. To the extent that he is, he failed

---

[3] Fed. R. Evid. 201.

8

to state a claim because there are no allegations that any defendant interfered with Plaintiff's right to send or receive mail.

Inmates enjoy "a First Amendment right to send and receive mail." *Witherow v. Paff,* 52 F.3d 264, 265 (9th Cir. 1995) (*per curiam*), and Plaintiff does allege that some of the mail he sent was not received, and that he "believes" that he was not receiving all of mail sent to him from about December 16, 2014, until January 9, 2015. However, Plaintiff does not provide any specific examples, and does not allege how many pieces of mail were not properly processed. Additionally, Plaintiff failed to connect the actions or inactions of any defendant to the allegedly improperly processed mail.

Accordingly, to the extent Plaintiff is asserting a separate claim based on the processing of his mail, Plaintiff has failed to state a claim.

**E. Claims Regarding Disability Discrimination**

To state a claim for violation of Title II of the ADA or Section 504 of the Rehabilitation Act, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; (3) such exclusion or discrimination was by reason of his disability; and (4) (for the Rehabilitation Act claim) the public entity receives federal financial assistance. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

Neither the ADA nor Rehabilitation Act provides a basis to sue government officials in their individual capacities. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (a plaintiff cannot sue state officials in their individual capacities to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act); *Burgess v. Carmichael*, 37 F. App'x 288, 292 (9th Cir. 2002) ("Plaintiffs may sue only a 'public entity' for [ADA] violations, not government officials in their individual capacities); *Rines v. Riverside Cty. Jails Sheriffs*, 2019 WL 6916005, at *11 (C.D. Cal. Oct. 7, 2019) ("a plaintiff cannot sue an official in his or her individual capacity under the ADA or the [Rehabilitation Act]").

In *Duvall v. County of Kitsap,* 260 F.3d 1124 (9th Cir. 2001), the Ninth Circuit stated that "[t]o recover monetary damages under Title II of the ADA or the Rehabilitation Act, a

plaintiff must prove intentional discrimination on the part of the defendant." *Duvall,* 260 F.3d at 1138 (footnote omitted)). The Court held that deliberate indifference is the appropriate standard to use in determining whether intentional discrimination occurred. *Id.* "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* at 1139. "[I]n order to meet the second element of the deliberate indifference test, a failure to act must be the result of conduct that is more than negligent, and involves an element of deliberateness." *Id.* at 1139.

Plaintiff repeatedly alleges that he was excluded from library programs on account of his disability. However, he does not sufficiently describe the disability (Plaintiff simply states that he has a "learning disability"). He also does not describe how he was excluded from participation in a program on the basis of his learning disability.

**F. Additional Claims**

Under "Claim 1" in his complaint, Plaintiff lists numerous causes of action, including: "Violation(s) of The Bill of Rights, 1st. 4th. 8th. 14th. Amndts, Due Process and Equal Protection Stand Violations, (ADA.), 504. Rehab. Violations, Deliberate Indifference, Color of Law, Color of Office, Et seq., Access to the Courts."

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.*

Plaintiff's list of numerous potential causes of action does not satisfy Rule 8. Plaintiff does not explain how the facts relate to each of these listed claims. Although the Court gave leave to amend in order to allow Plaintiff to include a short and plain statement of the factual

allegations that support each claim, Plaintiff's complaint is difficult to understand and does not clearly state what actions relate to which claims.

### IV. CONCLUSION AND RECOMMENDATIONS

The Court finds that the first amended complaint fails to state a cognizable claim upon which relief may be granted. The Court does not recommend granting further leave to amend because the Court provided Plaintiff with applicable legal standards and an opportunity to amend his complaint, yet Plaintiff's first amended complaint largely suffers from the same defects as his original complaint.

Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim on which relief may be granted; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 31, 2020**          /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE